PATRIC A. LESTER (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Rd., #358
San Diego, CA 92108
Tel: 619.665.3888
Fax: 314.241.5777

Attorneys for Plaintiff Drew Hill

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW HILL,<br><br>              Plaintiff,<br><br>     v.<br><br>PROGRESSIVE MANAGEMENT SYSTEMS,<br><br>              Defendant. | Case No. **'15CV1877 JAH NLS**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.      Drew Hill ("Plaintiff") seeks redress in this action for Progressive Management Systems' ("Defendant") practice of making unauthorized phone calls to cellular telephones under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"). The TCPA prohibits unsolicited voice calls to cellular telephones without prior express written consent within the meaning of the TCPA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §1331, §1337, and 47 U.S.C. §227 (TCPA). Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: Plaintiff resides in the City of San Diego, County of San Diego, State of California which is within this judicial district; the conduct complained of herein occurred within this

judicial district; and many of the acts and transactions giving rise to this action occurred in this district.

## PARTIES

3.　At all times relevant, Plaintiff was an individual residing in San Diego, California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(39).

4.　Defendant is a debt collection company and is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. §153(39).

5.　Defendant is a California corporation with offices at 1521 West Cameron Avenue, 1st Floor, West Covina, California 91790. Defendant is registered to do business in the State of California and its current status is suspended for failure to pay franchise tax board taxes.

6.　Plaintiff makes the following allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7.　While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8.　In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.　The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

10.　Defendant advertises its utilization of auto-dialing to collect its customers' accounts:

> "Of course, our abilities go well beyond that. In fact, once we're able to bring your information into our system, our Dynamic Collections System can really move into full gear. Skip-Trace Support, Systems, Customized

Software Programs, and *Predictive Dialers* (just to name a few) are fully integrated into the process of helping our incredibly talented people do what they do best – collect on your accounts using their personal touch and expertise.

See website at www.omscollects.com/dynamiccollections.htm.

11.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

12.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

## FACTS

13.     On or about March 5, 2013, Plaintiff received a collection call on his cellular telephone number ending in "0373" from Defendant. During that call Plaintiff verbally revoked any consent to receive any telephone calls from Defendant.

14.     The FCC in its 2015 Order makes clear that consumers may revoke consent through any reasonable means, either orally or in writing. *See* 2015 FCC Order, ¶¶ 55, 64 cited in *Reardon v. Uber Technologies, Inc.*, No. 14-CV-05678-JST, 2015 WL 4451209, at *10 (N.D. Cal. July 19, 2015)

15.     Notwithstanding the fact that Plaintiff revoked his consent, Defendant repeatedly contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received

numerous calls on his cellular phone from Defendant.

16.     The calls to Plaintiff's cellular telephone ending in "0373" from Defendant occurred on, but not limited to, the following dates and times March 5, 2013, 5:01 pm; April 2, 2013, 5:15 pm; April 19, 2013, 9:26 am; April 27, 2013, 8:44 am; April 27, 2013, 10:11 am; May 3, 2013, 1:48 pm; May 7, 2013, 8:35 am; May 21, 2013, 4:20 pm; May 24, 2013, 1:43 pm; May 28, 2013, 2:08 pm; May 30, 2013, 11:30 am; June 7, 2013, 8:03 am; June 12, 2013, 4:50 pm; June 28, 2013, 1:07 pm; June 21, 2013, 8:57 am; June 26, 2013, 11:56 am; July 30, 2013, 10:49 am; and February 17, 2014, 9:17 am.

17.     All telephone contact by Defendant to Plaintiff on his cellular telephone occurred via an "artificial or prerecorded voice" and/or "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1), and all calls that are the subject of this Complaint occurred on or after the date that is four years prior to the filing of this action and 20 days following the filing of this Complaint.

18.     The telephone number that Defendant called to contact Plaintiff, using an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. §227(b)(1)(A)(iii).

19.     The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

20.     Defendant's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" were for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. §227(b)(1)(A).

21.     Defendants' misconduct in placing some or all of these telephone calls to Plaintiff's cell phone was willful and knowing and Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b) (3) (C).

**FIRST CLAIM FOR RELIEF**
**(Negligent Violations of the Telephone Consumer Protection Act)**

22.    Plaintiff incorporates the above factual allegations herein.

23.    Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and/or were made utilizing an "artificial or prerecorded voice".

24.    These phone calls were made after oral revocation by plaintiff of prior express consent.

25.    Defendant has therefore violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), which makes it unlawful for any person within the United States … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice …."

26.    As a result of Defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b) (3) (B), is entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

**SECOND CLAIM FOR RELIEF**
**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act)**

27.    Plaintiff incorporates by reference all of the above paragraphs before his Third Count for Relief as though fully stated herein.

28.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

29.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages for each

and every violation, pursuant to 47 U.S.C. § 227(b) (3) (B) and 47 U.S.C. § 227(b) (3) (C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant:

A.     As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff seeks $500.00 in statutory damages for each and every call that violated the TCPA;

B.     As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff seeks treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C.     Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

D.     Such other relief as the Court deems just and proper.

## **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by Jury.


DATED: August 24, 2015                **LESTER & ASSOCIATES**

                                      By:     /s/ Patric A. Lester
                                              Patric Lester
                                              Attorney for Plaintiff
                                              DREW HILL